UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WAYNE WILLIAMS,

        Petitioner,

v.

        Case No. 4:20-cv-11473
        Hon. Stephanie Dawkins Davis

HEIDI WASHINGTON *et al.*,

        Respondents.
_____/

**ORDER TRANSFERRING THE CASE TO THE WESTERN DISTRICT OF MICHIGAN**

        Petitioner Terry Wayne Williams, a state prisoner incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a pro se habeas corpus petition under 28 U.S.C. § 2254 and an emergency motion for a temporary restraining order. (ECF Nos. 1, 2). Petitioner had a petition for a writ of habeas corpus pending in this court that challenged the validity of his 2007 Wayne County Circuit Court convictions. *See Williams v. Rapelje*, Case No. 2:10-cv-11939. But that case was stayed for Petitioner to exhaust his state court remedies, and it remains closed at this time. *Id.*, ECF No. 84. The present petition does not challenge Petitioner's Wayne County Circuit Court convictions. Rather, Petitioner asserts in the instant action that due to his chronic health problems and the conditions at the Chippewa Correctional Facility with respect to the spread of COVID-19, his continued incarceration violates his constitutional rights.

        A state prisoner in a state that has two or more federal judicial districts may file a habeas petition in the district where the prisoner is in custody or in the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). The district having custody of the prisoner and the district where the prisoner was convicted and sentenced have concurrent jurisdiction to

entertain the application. *Id*. Moreover, the court in the district where the petition was filed may, in the exercise of its discretion and in furtherance of justice, transfer the application to the other district for a hearing and determination. *Id*.; *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Here, although Petitioner was convicted in the Eastern District of Michigan, his current petition for writ of habeas corpus is not attacking his conviction. Instead, his petition and motion for a TRO are solely focused on challenging the conditions of his confinement due to the spread of COVID-19 at his place of confinement in Chippewa County, which is within the geographical confines of the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2).

Because of the potential inconvenience and expense of moving Petitioner between his facility and the Court for any hearings and because the entirety of his petition relates to acts and witnesses within the confines of the Western District of Michigan, the interests of justice are furthered by a transfer of the case to the Western District of Michigan. *See Starnes v. McGuire*, 512 F.2d 918, 931 (D.C. Cir. 1974); *see also Barrera v. Decker*, No. 20-CV-2755 (VEC), 2020 WL 1686641, at *1 (S.D.N.Y. Apr. 7, 2020) (district court in the Southern District of New York lacked venue over habeas petitioner's claim that his health condition put him at imminent risk of contracting COVID-19, where the petitioner was incarcerated in New Jersey).

Accordingly, it is **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Western District of Michigan. "Given the significant liberty interests at stake, the time-sensitivity of Petitioner's claims, and the risks to Petitioner's health posed by the rapid spread of COVID-19," the Court "directs the Clerk to effectuate the transfer as soon as possible." *Barrera v. Decker*, 2020 WL 1686641, at *1.

s/Stephanie Dawkins Davis  
Hon. Stephanie Dawkins Davis  
United States District Judge

Dated: June 12, 2020

## CERTIFICATE OF SERVICE

I certify that June 12, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel and/or parties of record and I have mailed by U.S. Postal Service to the following non-ECF participant: Terry Wayne Williams #236300, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Tammy Hallwood  
Case Manager